In the Matter of BRUNSWICK SITE COMPANY, Petitioner. M. H. FISHMAN Co. INC., Respondent.

Supreme Court, Special Term, New York County, February 3, 1953.

*David L. Charal* for petitioner.

*Murray Levine* for respondent.

MATTHEW M. LEVY, J.  This is a proceeding commenced in October, 1952, by a landlord of an office and loft building to determine a tenant's rent in pursuance of section 4 of the Commercial Rent Law and section 4 of the Business Rent Law as amended by chapters 416 and 417 of the Laws of 1952.  The respondent has interposed in its answer an affirmative defense alleging, in substance, that the proceeding was prematurely brought.  It appears from the answer that the petitioner had instituted a proceeding in November, 1949, which, prior to trial, had been settled in April, 1952, by the tenant's consenting to pay a 15% increase in rent retroactive to February 1, 1952, and that the respondent has been paying that increase as agreed.  It is further alleged in the affirmative defense that at the time the former proceeding was settled, the Commercial Rent Law and the Business Rent Law both provided that rent of controlled premises shall not be increased more than a total of 15% in any period of twelve months.  It is contended by the respondent, therefore, that its rent may not be increased again until February 1, 1953.

Pursuant to rule 109 of the Rules of Civil Practice, the petitioner moves to strike out this affirmative defense on the ground of insufficiency in law.  Briefs have been submitted by counsel, but no judicial expression on the subject has been cited.  And I have found no reported case resolving the issue.  The applicable statutes themselves must, in consequence, be analyzed as an original proposition.

In February, 1952, when the increase of rent in this case commenced, the statutes contained the following provision (which was in effect since March 31, 1950):  " provided, however, that in no event shall the rent of a tenant be fixed in an amount in excess of fifteen per centum greater than the amount of the rent being paid by the tenant, nor shall the landlord be entitled to receive rent in an amount greater than the amount so fixed, and such limitation shall apply in and with respect to such additional alternative proceedings pending at the time this subdivision as hereby amended takes effect; and provided further, however, that the rent of a tenant shall not be increased as provided in this subdivision more than a total of fifteen per centum in any

period of twelve consecutive months ''. (Commercial Rent Law, § 4, subd. 2, as amd. by L. 1950, ch. 327; Business Rent Law, § 4, subd. 2, as amd. by L. 1950, ch. 326.)

This provision was eliminated by the 1952 enactments, effective April 3, 1952 (L. 1952, chs. 416, 417), which substituted the following: '' provided, however, that the rental increase which the landlord shall be entitled to receive and collect during the first twelve months after the date of the commencement of the proceeding shall be limited to fifteen per centum of the rent being paid by the tenant at the date of such commencement and provided further that the order to be entered therein shall provide that the landlord is entitled to receive and collect a further additional increase during each succeeding twelve month period, not exceeding fifteen per centum of the amount paid by the tenant at the date of the commencement of the proceeding until the rent shall equal the rental value as determined by the court in such proceedings.''

These amendments were not intended to eliminate the earlier provision of the laws to the effect that rent was not to be increased beyond 15% in any one year. The only change they were designed to effect was to obviate the necessity of having the landlord repeatedly petition the court, year after year, until he could receive a rent equal to the rental value determined by the court. This is made abundantly clear by the 1952 Report of the Temporary State Commission to Study Rents and Rental Conditions, in which it is stated that the purpose and expected result of the amendments was the '' saving in the time of litigants and the courts already overly busy, the expense of needless litigation and without doing any injustice to either party.''

Thus, under the statute, the rent of this tenant is not to be increased more than a total of 15% in any period of twelve consecutive months. True, when the prior proceeding was commenced in 1949, the provisions limiting the increase to 15% in a consecutive twelve-month period were not contained in the statute. But the petitioner acquired no vested rights under the earlier law, and it is bound by the amended emergency legislation in force on the occasion of any definitive action (*City Bank Farmers Trust Co.,* v. *Caples Co.,* 276 App. Div. 428, 429–430).

The motion is denied.